United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40457
_____

DIANA ALPHA, Mother and Next Friend of Minor Children;
COLEEN ANDERSON, Surviving Minor Child;
CLAYTON LYNN ANDERSON, Surviving Minor Child;
ESTATE OF ANDERSON, Estate of Jerry Lynn Anderson;
TOMMY D. ANDERSON; REBECCA MULL,

Plaintiffs-Appellants,

versus

MATT HOOPER, Deputy Sheriff in Hopkins County;
CHARLES BUTCH ADAMS, Sheriff of Hopkins County;
HOPKINS COUNTY, TX,

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Texas
No. 5:03-CV-02

_____

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:

The appellants, various relatives of decedent Jerry Lynn Anderson, appeal from the district court's grant of summary judgment in favor of appellees Hopkins County, Texas, and Sheriff Charles Adams, as well as three evidentiary decisions made by the district court in the course of trial against Deputy Sheriff Matt Hooper. Hooper shot and killed Anderson as Anderson was attempting to evade arrest by running down Hooper in his truck.

After carefully considering the briefs, oral argument, and pertinent parts of the record, we conclude that the appellants' objections to the evidentiary decisions made by the district court are without merit, and that the district court did not abuse its discretion in making its rulings.

Only one of the challenged rulings merits comment. The appellants argue that the district court erred in admitting evidence that Anderson possessed and was under the influence of methamphetamine at the time of his death. A plastic bag containing methamphetamine was found with Anderson subsequent to the shooting, and an autopsy revealed that Anderson had ingested methamphetamine. Appellants contend that the methamphetamine evidence was completely irrelevant to the issue whether Hooper used excessive force, since Hooper could not have conclusively determined that Anderson possessed or had ingested methamphetamine until after Anderson's death. Alternatively, the appellants argue that the methamphetamine evidence should have been excluded because its probative value, if any, was substantially outweighed by its prejudicial impact. See FED. R. EVID. 403.

The first argument is plainly insufficient: Hooper's mental state and his impressions of Anderson's condition at the time of the shooting were directly at issue during the trial because Hooper raised a defense of qualified immunity, claiming in part that his actions were objectively reasonable under the circumstances. Hooper testified that he believed Anderson to be

2

under the influence of methamphetamine immediately before the shooting — an impression based on his actual glimpses of Anderson's face just before the shooting; on Anderson's erratic driving; and on Anderson's connection to a known drug house.[1] Consequently, the evidence that Anderson both possessed and was under the influence of methamphetamine at the time of his death was highly relevant as it tended to corroborate Hooper's testimony about his own perception of events. In short, the district court's decision to admit the methamphetamine evidence does not appear to have been error at all, and does not qualify as an abuse of discretion.

Further, because Hooper was found by a jury not to have violated the decedent's constitutional rights, there is no basis for liability on the part of Hopkins County and Adams. See City of Los Angeles v. Heller, 475 U.S. 796, 798-99, 106 S. Ct. 1571, 1572-73 (1986) (holding that, because the jury had found that the officer had not violated the victim's constitutional rights, there was no basis for liability on the part of the city and members of its police commission).

Accordingly, the decision of the district court is

**AFFIRMED.**

---

[1] Deputy Hooper had followed Anderson's truck from a house where he believed methamphetamine was being stored and where he had purchased methamphetamine during a previous undercover investigation.